STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
www.FightForUrRights.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Jose Figueroa Rodriguez, *individually and on behalf of all other employees similarly situated*, <br><br> *Plaintiff*, <br><br> -v- <br><br> LA SELVA BAR AND RESTAURANT INC. (DBA RESTAURANTE LA SELVA), MARIBEL BRITO, and RICHAR LOPEZ *jointly and severally.* <br><br> *Defendants.* | ***FIRST AMENDED COMPLAINT*** <br> ***FLSA COLLECTIVE ACTION COMPLAINT*** <br><br> `COLLECTIVE ACTION` <br><br> `UNDER 29 U.S.C.§ 216(b)` |

## NATURE OF THE ACTION

1. Plaintiff JOSE FIGUEROA RODRIGUEZ bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of his lawfully earned wages compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 et. seq., as well as the supporting New York State Department of Labor Regulations for violations of minimum wage compensation requirements, and failure of Defendants to comply with notice and record-keeping requirements. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL. Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees.

1

Plaintiff seeks certification of this action as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## SUMMARY

2. Plaintiff RODRIGUEZ was employed by Defendants, LA SELVA BAR AND RESTAURANT INC. (DBA RESTAURANTE LA SELVA), MARIBEL BRITO and RICHAR LOPEZ (collectively "Defendants"), as a dishwasher and food preparer and sometimes made deliveries.

3. Plaintiff RODRIGUEZ as has worked with Defendants from June 2018 until April 4, 2020.

4. Throughout the course of his employment, Plaintiff worked approximately seventy (70) hours per week.

5. As a result of Defendants' actions, of not paying at least minimum wage Plaintiff has suffered great hardship and damages.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

6. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act and 29 U.S.C. §201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a)

**Personal Jurisdiction**

7. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this

judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

8. Venue is proper in the Eastern District of New York under 28 U.S.C. §§ 1391 (b)(1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

**Corporate Defendant**

9. LA SELVA BAR AND RESTAURANT INC. is a domestic professional corporation formed in 2019 and is an organized and existing corporation under the laws of the State of New York.

10. LA SELVA BAR AND RESTAURANT INC. owns and operates RESTAURANTE LA SELVA located on 94-02 80th street, Ozone Park, New York 11416.

11. At all relevant times, LA SELVA BAR AND RESTAURANT INC. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d), the NYLL § 190, the N.Y. Executive Law § 292(5), and the N.Y. Admin. Code. § 8–102(5).

12. At all relevant times, LA SELVA BAR AND RESTAURANT INC. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

**INDIVIDUAL DEFENDANTS**

**RICHAR LOPEZ**

1. Upon information and belief, at all relevant times throughout Plaintiff's employment,

RICHAR LOPEZ was an authorized operator, manager, and agent of the Corporate Defendant.

2. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

3. At all relevant times throughout Plaintiffs' employment, Individual Defendant had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

4. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant.

5. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

6. Upon information and belief, at all relevant times throughout Plaintiff's employment, was one of the owners, authorized operators, managers, and agent of the Corporate Defendant.

7. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other

with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

8. At all relevant times throughout Plaintiff's employment, Individual Defendant had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

9. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant.

10. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

**MARIBEL BRITO**

11. Upon information and belief, at all relevant times throughout Plaintiff's employment, MARIBEL BRITO was the owner, authorized operator, manager, and agent of the Corporate Defendant.

12. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other

5

with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

13. At all relevant times throughout Plaintiffs' employment, Individual Defendant had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

14. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant.

15. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

16. Upon information and belief, at all relevant times throughout Plaintiff's employment, was one of the owners, authorized operators, managers, and agent of the Corporate Defendant.

17. At all relevant times throughout Plaintiff's employment, Individual Defendant and Corporate Defendant were joint employers of the Plaintiff, acted in the interest of each other with respect to employees, and had common policies and practices as to wages and hours, pursuant to 29 CFR § 791.2.

18. At all relevant times throughout Plaintiff's employment, Individual Defendant had

the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's and other employees' schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while she was employed by Defendants.

19. At all relevant times throughout Plaintiff's employment, Individual Defendant was actively involved in the day-to-day operations of Corporate Defendant.

20. At all relevant times throughout Plaintiff's employment, Individual Defendant was a "covered employer" within the meaning of the FLSA, the NYLL, the HRL, and the NYCHRL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages and other damages sought herein, pursuant to 29 U.S.C. § 203(d), NYLL § 2, N.Y. Executive Law § 296(6), and N.Y. Admin. Code § 8-107(6).

## CORPORATE DEFENDANT

21. <u>LA SELVA BAR AND RESTAURANT INC.</u> (hereinafter "Defendant Corporation") is a domestic business corporation organized and existing under the laws of the state of New York.

22. LA SELVA BAR AND RESTAURANT INC. owns and operates RESTAURANTE LA SELVA located on 94-02 80th street, Ozone Park, New York 11416.

23. At all relevant times, RESTAURANTE LA SELVA employed more than 10 employees at all times.

24. At all relevant times, Defendant Corporation maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll, and other employment practices that

applied to them.

25. At all relevant times, Defendant Corporation was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a) and employed Plaintiff within the meaning of the FLSA.

26. At all relevant times, Plaintiff was employed by Defendant Corporation within the meaning of the NYLL §§ 2 and 651.

## FACTUAL ALLEGATIONS

**PLAINTIFF JOSE FIGUEROA RODRIGUEZ**

27. Plaintiff Rodriguez was employed by Defendants from on or about June 2018 until the August 4, 2020. He averaged (70) seventy hours per week, beginning work at 9:00 AM and ending around 8:00 PM.  Plaintiff was paid $10.00 per hour, for all his hours worked.

28. Throughout his employment, Plaintiff was mainly a dishwasher and food preparer and sometimes made deliveries. He washed all of the restaurants dishes and when he was not washing dishes, he was cooking meals for the restaurant's patrons.

29. Plaintiff was never paid a lawful minimum wage nor was he paid overtime.

30. Throughout the duration of his employment, Plaintiff did not have any supervisory authority, nor did he exercise discretion or independent judgment with respect to matters of significance.

31. Plaintiff Rodriguez never had the authority to hire or fire employees do payroll or set employees' work hours. That level of work was left to the Individual Defendants.

**Defendants' Unlawful Corporate Practices**

32. Defendants required Plaintiff to work and never compensated him for his work at the

lawful minimum wage rate.

33. Plaintiff was never provided with any wage statements, time sheets, or other documents showing the number of hours he worked every week.

34. Plaintiff was not provided with a wage notice at the time of hire or at any point thereafter.

35. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

36. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

37. Plaintiff was never provided with a wage notice at the time of hire or at any point thereafter, noting his hourly wage increases.

38. Upon information and belief, while Defendants employed Plaintiff, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Plaintiff of such rights.

39. Plaintiff has personal knowledge of other employees of Defendants who are similarly situated and who also worked hours for which they were not paid minimum and wages.

## COLLECTIVE ACTION ALLEGATIONS

40. Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiff brings his First and Second causes of action as a collective action under the FLSA on behalf of themselves and the following collective:

All persons employed by Defendants at any time from June 2018h to the present day (the

"Collective Action Period") who worked as non-exempt employees of the Defendants (the "Collective Action Members").

41. A collective action appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay wages at or above the statutory minimum.

42. Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

43. The claims of the Plaintiff stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION

**Fair Labor Standards Act – Violation of Minimum Wage Requirements**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

44. Plaintiff, on behalf of themselves and the Collective Action Members, reallege and incorporates by reference all allegations made in all preceding paragraphs as if fully set forth herein.

45. Defendants, throughout the majority of their employment period, paid Plaintiff and the Collective Action Members in amounts below the applicable statutory minimum wage for their hours worked, in violation of the FLSA, 29 U.S.C. § 206.

46. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Accordingly, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

47. As a result of the Defendants' violations of the FLSA, Plaintiff, and the Collective Action Members have suffered damages by being denied wages at or exceeding the statutory minimum in accordance with the FLSA in amounts to be determined at trial and are thus entitled

10

to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## SECOND CAUSE OF ACTION

### New York Labor Law – Violation of Minimum Wage Requirements

48. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

49. Defendants, throughout the majority of Plaintiff's employment, paid Plaintiff less than the applicable statutory minimum wage for his hours worked in violation of NYLL § 652 and the supporting New York State Department of Labor regulations, including 12 N.Y.C.R.R. Part 146-1.2.

50. Defendants' failure to pay Plaintiff the minimum wage lacked a good faith basis within the meaning of NYLL § 663.

51. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## THIRD CAUSE OF ACTION

### (Violation of the Overtime Provisions of the NYLL and FLSA)

49) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50) Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

51) Defendants' failure to pay Plaintiff (and the FLSA class members) overtime

compensation was willful within the meaning of 29 U.S.C.§ 255(a)

52) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**New York Labor Law – Failure to Provide Accurate Wage Statements**

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout their employment listing, *inter alia*, all regular hours of work, her rate of pay, and the basis of pay, in violation of NYLL § 195(3).

54. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

### FOURTH CAUSE OF ACTION

**New York Labor Law – Failure to Provide Notice at Time of Hiring**

55. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

56. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

57. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b). -judgment interest, damages for emotional distress, attorney's fees, costs, and other such damages of an amount to be determined at trial, pursuant to N.Y. Executive Law § 297(9).

58. Individual Defendants are jointly and severally liable for the aforementioned damages, since he incited, compelled and coerced the above discriminatory and unlawful conduct pursuant to N.Y. Executive Law § 296(6).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York Labor Law, Article 19, §§ 650 *et seq.*, and supporting New York State Department of Labor Regulations, the New York Executive Law § 296, and the N.Y. Administrative Code. §§ 8–107;

B. Unpaid minimum wages pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor Regulations;

C. Unpaid minimum wages under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and § 663(1);

D. An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

E. An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements, pursuant to NYLL § 198 (1-d);

F.  An award of back wages, front wages, liquidated damages, damages for emotional distress, and punitive damages for the Defendants' prohibited retaliation against Plaintiff pursuant to 29 U.S.C. § 215(3);

G.  An award of front pay, lost compensation, damages for emotional distress, punitive damages, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000.00), for Defendants' prohibited retaliation against Plaintiff pursuant to NYLL § 215(2)(a);

H.  A civil penalty of a maximum of Ten Thousand Dollars ($10,000.00) for Defendants' prohibited retaliation against Plaintiff pursuant to 29 NYLL § 215(1)(b);

I.  A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

J.  An award of back wages, front wages, pre-judgment interest, damages for emotional distress, and punitive damages for Defendants' discrimination and sexual harassment against Plaintiff, pursuant to N.Y. Admin. Code § 8-502(a);

K.  If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

L.  An award of pre-judgment interest of nine per cent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

M.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

N.  An award of attorney's fees, costs, and further expenses up to Fifty Dollars ($50.00), pursuant to 29 U.S.C. § 216(b), NYLL §§ 198 and 663(1), N.Y. Admin. Code § 8-502(g); and

14

O.    Such other relief as this Court shall deem just and proper.

Dated:  New York, New York
        September 18, 2020

**STILLMAN LEGAL PC**

By:  /s/___
     Lina Stillman
     *Attorneys for Plaintiff*
     42 Broadway, 12th Floor
     New York, New York 10004
     Tel: 212.203.2417|
     LS@StillmanLegalPC.com